UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

ALEX LOPEZ, JR.,

                    Petitioner,

v.                                       No. 6:24-CV-00021-H

DIRECTOR, TDCJ-CID,

                    Respondent.

**OPINION AND ORDER**

Petitioner Alex Lopez, Jr., a state prisoner proceeding pro se and *in forma pauperis*, filed a petition for writ of habeas corpus to challenge his four 2020 Brown County convictions under 28 U.S.C. § 2254. Respondent answers that the Court should dismiss Lopez's petition because it is barred by the applicable statute of limitations. Dkt. No. 10. Alternatively, Respondent argues that the Court should deny Lopez's petition on the merits. Respondent also submitted relevant state-court records. Dkt. No. 12. Lopez did not reply to Respondent's answer, and the time to do so has passed. As explained below, the Court concludes that the petition must be dismissed as untimely.

1.    **Background**

On October 20, 2020, Lopez pled guilty to evading arrest, aggravated assault against a public servant, being a felon in possession of a firearm, and possession of a controlled substance with intent to deliver. The trial court adjudged Lopez guilty on all counts and sentenced him to concurrent 30-year prison terms. *See* Dkt. No. 10-1 at 56–57; 112–113; 168–169; 224–225. Lopez did not appeal his convictions. But on February 21, 2023, Lopez filed four counseled state habeas applications challenging his convictions. On April 5, 2023, the Texas Court of Criminal Appeals (TCCA) denied Lopez's applications without a written

order. *See* Dkt. No. 10-1 at 3, 59, 115, 171. And on March 21, 2024, Lopez filed this federal petition.[1]

## 2. Legal Standards

### A. Statute of Limitations

It is undisputed that Lopez's federal habeas petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which establishes a one-year time limitation for a state prisoner to file a federal habeas corpus petition. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *see* 28 U.S.C. § 2244(d)(1). The limitation period begins to run from the latest of the following dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

However, the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. *Id.* at § 2244(d)(2).

---

[1] *See Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998) ("[A] prisoner's habeas petition is filed for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing.").

But state habeas applications filed *after* the expiration of the limitation period do not toll the limitation period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

### B. Equitable Tolling

AEDPA's one-year limitation period can be equitably tolled since it is not a jurisdictional bar. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). However, a petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

Equitable tolling is only available in cases presenting rare and exceptional circumstances and is not intended for those who sleep on their rights. *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Equitable tolling is not warranted merely because a petitioner proceeds pro se and is not well-versed in the law. *Saahir v. Collins*, 956 F.2d 115, 118–19 (5th Cir. 1992). A mistaken interpretation of the law or lack of knowledge of filing deadlines are not "rare and exceptional circumstances" that justify equitable tolling. *See Wion v. Quarterman*, 567 F.3d 146, 149 (5th Cir. 2009); *see also Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). Temporary denial of access to research materials or the prison law library is generally not sufficient to warrant equitable tolling. *See Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (citations omitted).

### 3. Analysis

Respondent argues that, under Section 2244(d)(1)(A), the limitation period began to run when Lopez's judgments became "final." Lopez does not disagree. Because Lopez has failed to argue or demonstrate that Sections 2244(d)(1)(B), (C), or (D) apply, the Court concludes that Section 2244(d)(1)(A) governs the timeliness of his federal petition.

3

Under Section 2244(d)(1)(A), the limitation period begins to run on the date the judgment becomes final on direct review or when the time for seeking direct review expires. *See* 28 U.S.C. § 2244(d)(1)(A). Because Lopez did not appeal his convictions, Texas Rule of Appellate Procedure 26.2(a)(1) determines when his judgements became final under Section 2244(d)(1)(A). *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000) (citing Tex. R. App. P. 26.2(a)). Under Rule 26.2(a)(1), a criminal defendant has 30 days after the day his sentence is imposed to file a notice of appeal. *Id.*

Here, the state trial court imposed Lopez's sentences on October 20, 2020. Under Rule 26.2(a)(1), Lopez's judgments became "final"—and the one-year limitation period began to run—thirty days afterward, on November 20, 2020. Thus, absent any statutory or equitable tolling, Lopez had to file his federal petition one year later, by November 20, 2021. Although Lopez filed four state habeas applications, they do not toll the limitation period because they were filed on February 21, 2023—over a year after the limitation period expired. Because Lopez fled his federal petition on March 21, 2024—over two years after the limitation period expired—and he does not otherwise argue or demonstrate that he is entitled to equitable tolling, the Court concludes that it lacks jurisdiction to adjudicate his claims.

4.   **Conclusion**

For the foregoing reasons, the Court concludes that Lopez's 28 U.S.C. § 2254 petition is barred by the applicable statute of limitations. Alternatively, the Court concludes that, even if the petition were not time barred, Lopez could not prevail on the merits. Based on the law and facts set forth in Respondent's response and attached records, the Court concludes that Lopez has failed to show that the state court's adjudication of his claims resulted in a decision contrary to clearly established federal law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the

state-court proceedings. *See* 28 U.S.C. § 2254(d). Thus, the petition is denied and dismissed with prejudice.

In addition, the Court concludes that Lopez has failed to show that reasonable jurists would debate whether the Court's procedural ruling was correct and whether he has put forward a valid claim of a constitutional deprivation. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); *see also* 28 U.S.C. § 2253(c).

All relief not expressly granted is denied and any pending motions are denied. The Court will enter judgment accordingly.

So ordered.

Dated August 21, 2024.

                                                            James Wesley Hendrix
                                                            United States District Judge